**Abdul Wakil AMIRI, Plaintiff,**

v.

**WUSA TV–CHANNEL NINE,
Defendant.**

**Civ. A. No. 90–1585–LFO.**

United States District Court,
District of Columbia.

Sept. 28, 1990.

On Motion for Reconsideration
Oct. 15, 1990.

Abdul Wakil Amiri, Washington, D.C.,
pro se.

Robert C. Bernius, Elizabeth M. Ahern,
Nixon, Hargrave, Devans & Doyle, Washington, D.C., for defendant.

## MEMORANDUM

OBERDORFER, District Judge.

Plaintiff Amiri sues defendant WUSA TV–Channel Nine for refusing to air certain stories felt by Amiri to be newsworthy. Amiri claims that by doing so Channel Nine violated his First Amendment rights to freedom of expression. Defendant has filed a motion to dismiss. For the reasons stated below, that motion must be granted.

To secure a motion to dismiss, defendant must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957) (footnote omitted). Thus, all allegations in the complaint must be accepted as true and construed in favor of the plaintiff. *See Scheuer v. Rhodes*, 416 U.S. 232, 237, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974). Amiri alleges that several federal district court judges hearing suits brought by him against the District of Columbia acted in plain violation of the law, one out of racial animus and the other out of solidarity with her fellow judge. He further alleges that he brought these facts, well-supported by documentation, to the attention of Channel Nine but that the station's staff felt that stories concerning incest or the suits worn by Jesse Jackson's sons were more "newsworthy."

Channel Nine contends that even if true plaintiff's allegations do not state a claim upon which relief can be granted. Channel Nine has a first amendment privilege to decide what news it will broadcast. Conversely, Amiri has no right to publicly televise his views. Although Amiri has the right to use methods within his means to broadcast his views, he does not have the right to appropriate means owned by others to do so. Amiri counters that his views cannot be effectively expressed unless he is

able to reach a broader audience through the use of television.

 Channel Nine's right to decide what news it broadcasts is indisputable. The First Amendment guarantees each individual freedom from being coerced into unwanted expression. *See, e.g., Wooley v. Maynard,* 430 U.S. 705, 714, 97 S.Ct. 1428, 1435, 51 L.Ed.2d 752 (1977). This right applies with equal, if not with greater force, to newspapers, *see Miami Herald Publishing Co. v. Tornillo,* 418 U.S. 241, 254–58, 94 S.Ct. 2831, 2837–40, 41 L.Ed.2d 730 (1974), and, in somewhat attenuated form, to the broadcast media, *see FCC v. League of Women Voters of California,* 468 U.S. 364, 104 S.Ct. 3106, 82 L.Ed.2d 278 (1984); *Columbia Broadcasting Co. v. FCC,* 453 U.S. 367, 395–396, 101 S.Ct. 2813, 2829–30, 69 L.Ed.2d 706 (1981). Because Channel Nine seeks to dismiss Amiri's complaint, Amiri's contention the effectiveness of one's speech is limited without the economic and technological resources to reach a broader audience must be treated as true. However, our Court of Appeals has expressly determined that this consideration does not warrant a limitation upon a broadcaster's right to determine what to broadcast:

> We read the Supreme Court's decision in *Columbia Broadcasting System v. Democratic National Committee* [412 U.S. 94, 93 S.Ct. 2080, 36 L.Ed.2d 772] as a holding that "no individual member of the public [has a right] to broadcast his own particular views on any matter."

*Johnson v. F.C.C.,* 829 F.2d 157, 162 (D.C. Cir.1987) (footnote omitted; brackets in original). As a consequence, plaintiff has failed to state a claim upon which relief may be granted.

Complaint dismissed with prejudice.

## ON MOTION FOR RECONSIDERATION

An Order of September 28, 1990, dismissed plaintiff Amiri's complaint in this case for failure to state a claim upon which relief may be granted. He now moves for reconsideration of that order. Like his opposition to defendant's original motion to reconsider, this motion fails to respond to defendant's contention, which this Court found to be indisputable, that as a matter of law no individual may compel a television station to broadcast that person's views, no matter how true and important they may be. *See, e.g., FCC v. League of Women Voters of California,* 468 U.S. 364, 104 S.Ct. 3106, 82 L.Ed.2d 278 (1984); *Columbia Broadcasting Co. v. FCC,* 453 U.S. 367, 395–396, 101 S.Ct. 2813, 2829, 69 L.Ed.2d 706 (1981); *Johnson v. F.C.C.,* 829 F.2d 157, 162 (D.C.Cir.1987). Accordingly, it is this 12th day of October, 1990, hereby

ORDERED: that plaintiff's motion for reconsideration should be, and is hereby, denied.